UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JAMIE S. FLANAGAN,

                    Plaintiff

v.                                          Civil Action No.: 3:17-CV-05060-MDH

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

## **ANSWER**

The Lincoln National Life Insurance Company ("Lincoln") answers Plaintiff's Complaint as follows:

1.      Lincoln is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1.

2.      In response to the first sentence of Paragraph 2, Lincoln admits that it is an insurance company licensed in Missouri.  In response to the second sentence of Paragraph 2, Lincoln admits that it issued a group term insurance policy ("the Group Policy"), policy number 000010157326, to Plaintiff's employer, Lester E. Cox Medical Center ("LCMC"), which funds LCMC's long-term disability benefits plan.  Lincoln denies that policy number 000010157326 funded LCMC's short-term disability benefits plan.  Lincoln further states that the Group Policy, which is set forth in the administrative record, speaks for itself.  Lincoln denies the allegations to the extent incomplete or inconsistent with the terms of the Group Policy.  Lincoln denies the remaining material allegations in Paragraph 2 unless expressly admitted.

3.      In response to Paragraph 3, Lincoln only admits that it does not challenge venue in this Court.  Unless expressly admitted, Lincoln denies the allegations in Paragraph 3.

4.      In response to Paragraph 4, Lincoln admits that Plaintiff was at one time an employee of LCMC and at one time insured under the Group Policy.  In further answering, Lincoln states that Group Policy is set forth in the administrative record and speaks for itself.  Lincoln denies the allegations contained in Paragraph 4 to the extent incomplete or inconsistent with that Group Policy.  Lincoln specifically denies that it "made and issued [the Policy]" to Plaintiff or promised anything to Plaintiff.  Lincoln issued the Group Policy to LCMC.

5.      In response to Paragraph 5 of the Complaint, Lincoln admits that it issued the Group Policy to LCMC.  Lincoln further states that the Group Policy, which is set forth in the administrative record, speaks for itself.  Lincoln denies the allegations to the extent incomplete or inconsistent with the terms of the Group Policy.  Lincoln denies the remaining material allegations in Paragraph 5 unless expressly admitted.

6.      In response to Paragraph 6, Lincoln admits that, by letter dated February 6, 2017, it notified Plaintiff that she no longer met her burden of providing proof of disability under the policy beyond November 24, 2015.  Lincoln admits that Exhibit A purports to be a copy of the letter.  Lincoln states that the letter is set forth in the administrative record and speaks for itself.  Lincoln denies the allegations contained in Paragraph 6 to the extent they are incomplete or inconsistent with the letter.

7.      In response to Paragraph 7, Lincoln admits that Plaintiff took the administrative appeals required by the Group Policy.  Otherwise, Lincoln denies the allegations contained in Paragraph 7.

2

8.     In response to Paragraph 8, Lincoln admits only that Plaintiff was at one time an employee of LCMC and at one time insured under the Group Policy.  Unless expressly admitted, Lincoln denies the remaining allegations contained in Paragraph 8.

9.     Lincoln denies the allegations contained in paragraph 9.

10.     Lincoln denies the allegations contained in paragraph 10.

11.     Lincoln denies the allegations contained in paragraph 11.

12.     In response to the first sentence of Paragraph 12, Lincoln admits that Plaintiff brings this action under ERISA.  In response to the second sentence, Lincoln states that the statute Plaintiff purports to paraphrase speaks for itself.  Lincoln denies the allegations to the extent incomplete or inconsistent with ERISA.

13.     In response to Paragraph 13, Lincoln admits that it issued the Group Policy to Plaintiff's former employer, LCMC.  Lincoln admits that Plaintiff was at one time insured under the Group Policy.  Lincoln further states that the Group Policy, which is set forth in the administrative record, speaks for itself.  Lincoln denies the allegations to the extent incomplete or inconsistent with the terms of the Group Policy.  Lincoln denies the remaining allegations in Paragraph 13 unless expressly admitted.

## FIRST DEFENSE

Plaintiff's Petition fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims against Lincoln, if any, arise under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*  To the extent the Complaint makes claims and seeks remedies not provided for under ERISA, those claims and those remedies are

3

pre-empted by ERISA. *Pilot Life v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549, 95 L.Ed.2d 39 (1987).

### THIRD DEFENSE

Plaintiff's recovery herein, if any, is limited to the terms, conditions, limitations, exclusions, and other provisions of the policy.

### FOURTH DEFENSE

Lincoln has complied with and performed all of its promises, obligations, and duties under the Group Policy and the handling and investigation of Plaintiff's claim for benefits under said policy.

### FIFTH DEFENSE

Lincoln's actions were taken in good faith in accordance with the provisions of the Group Policy.

### SIXTH DEFENSE

Lincoln reasonably and substantially complied with all applicable regulations.

### SEVENTH DEFENSE

Plaintiff's claims are barred by failure to submit sufficient proof pursuant the terms of the Group Policy.

### EIGHTH DEFENSE

Each and every act or statement done with reference to Plaintiff was privileged or justified.

### NINTH DEFENSE

Plaintiff has no legal entitlement to recover attorneys' fees or costs in this action.

4

**TENTH DEFENSE**

Lincoln's decision was neither arbitrary nor capricious nor incorrect.

**ELEVENTH DEFENSE**

Plaintiff's request for jury trial, if any, must be stricken as no right to a jury trial is available under ERISA.

**TWELFTH DEFENSE**

Lincoln has discretion to interpret the Group Policy, make eligibility determinations under the Group Policy, and make any and all factual determinations under the Group Policy. Lincoln's determinations are entitled to deference. Lincoln properly exercised its discretion in considering Plaintiff's claim.

**REQUESTED RELIEF**

Defendant, Lincoln, respectfully requests: (i) that the Court dismiss Plaintiff's claims against Lincoln with prejudice and that judgment be entered in Lincoln's favor on such claims; (ii) that Lincoln be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

DATED:                                    By: /s/ Jennifer K. Oldvader
                                          Jennifer K. Oldvader, MO 60649
                                          Ogletree, Deakins, Nash, Smoak, & Stewart
                                          4520 Main Street, Suite 400
                                          Kansas City, MO 64111
                                          816-410-2227 (tel)
                                          816-471-1303(fax)
                                          Jennifer.oldvader@ogletree.com

5

<u>CERTIFICATE OF SERVICE</u>

I, Jennifer K. Oldvader, Esq., counsel for Defendant hereby certify that I made service of the attached Defendant's  Answer to be served on counsel of record by electronically filing said document with the Court's ECF system, which will effect service on all registered participants:

Rick S. Vasquez, Esquire
1736 E. Sunshine Street, Suite 103
Springfield, Missouri  65804

Dated:

By: <u>/s/  Jennifer K. Oldvader  </u>
Jennifer K. Oldvader

6