**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

JAMIE S. FLANAGAN )
 )
              Plaintiff, )
 )
 )
v. )      Case No.:  17-CV-05060-MDH
 )
THE LINCOLN NATIONAL LIFE )
INSURANCE COMPANY )
 )
              Defendant, )
 )
 )
 )
 )

**PLAINTIFF'S REPLY SUGGESTIONS IN OPPOSITION TO DEFENDANTS
STATEMENT IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT**

Table of Authorities:

*Givens vs. The Prudential Insurance Company of America* 778 F.
Supp. 1011 W.D. MO. (2011)................................................................ Page 3-5

*Gully v. Aetna Life Ins. Co.* 997 F. Supp. 955 (W.D. Ar. 2014)....................... Page 5

*Mackey v. Liberty Life Assurance Company of Boston*, 168 F. Supp 3d 1162...... Page 5

*Morris v. Am. Elec. Power Long-Term Disability Plan*, 399 Fed. Appx. 978
(6th Cir. 2010)............................................................................... Page 4

*Ownby vs.Shalala*,  5F.3d 342, 344 (8th Cir. 1993).................................... Page 2-3

*Quinlan vs. Chater* 966 F. Supp 854, 858.............................................Page 2-3

*Spangler v. Lockheed Martin Energy Sys., Inc.*, 313 F.3d 356, 362
(6th Cir.2002)............................................................................... Page 4

20 C.F.R. Section 404.1567.............................................................. Page 2

## SEDENTARY WORK

Defendant's policy defines "sedentary work" as:

> "involves exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met." (Ex. A p. 517)

Defendant puts forth the idea that lifting seven pounds is the same as lifting up to ten pounds repeatedly in its arguments. If Defendant were correct in this assertion anyone who could lift a pen or paper would be capable of sedentary work. Defendant refers the court in its brief to Social Security Disability law 20 C.F.R. Section 404.1567 reciting its language "Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." Of course Plaintiff herein is a Social Security disability recipient and if she were in fact capable of sedentary work she should have been denied disability. Taking the policy on its face and understanding the Defendant herein drafted the policy and its applicable definition anyone who can lift any negligible amount is capable of sedentary work in terms of lifting if we assume Defendants argument as the ability to lift anything under 10 pounds is up to 10 pounds. No one with hands could meet Defendants definition and for sedentary work in terms of lifting.

Sedentary work, as defined in the 8th Circuit requires lifting "only 10 pounds, and occasionally lifting or carrying articles like docket files, ledgers, and small tools." *Quinlan vs. Chater* 966 F. Supp 854, 858, citing 20 C.F.R. 404.1567(a); *Ownby vs.*

*Shalala*, 5F.3d 342, 344 (8th Cir. 1993) The accepted rule in this circuit is consistently lifting 10 pounds, be it only or otherwise, and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Work must be defined somehow and this policy and this court has consistently applied a 10-pound standard to sedentary work. Thus, an empty file weighs a negligible amount and one containing this file would weigh 10 pounds or more, hence the sort of thing we lift in our sedentary jobs. This case turns largely on how one defines sedentary work and we maintain the manner in which this circuit has defined it for years is the appropriate standard. The policy written herein certainly does not on its face support Defendant's contention. Without restating every aspect of our argument the record supports the idea Plaintiff can lift up to seven pounds or less in every opinion other than Dr. Karande's report.

## VOCATIONAL OPINIONS

The second issue in this matter is the application of vocational opinions. Defendant proclaims that Plaintiff's arguments are "meritless and irrelevant." Plaintiff's argument is that Defendant gave its vocational experts only the evidence supporting the conclusion it wanted them to draw. Defendant opines that such conduct is supported by law.

More important than any other case cited herein, or argument set forth, is the fact that the issue of sending only one opinion to a vocational expert has already been litigated in this district. *Givens vs. The Prudential Insurance Company of America* 778 F. Supp. 1011 W.D. MO. (2011) where the court found "that it was arbitrary and capricious for Prudential to have only sent Dr. Mace's report to rehabilitation counselor Laurie

3

Martin when there existed other physician reports indicating limitations on Givens' abilities. For example, Dr. Silney noted in July 2006 that Givens was limited to lifting only ten pounds, and in February 2007, she noted that Givens had the maximum capacity to occasionally lift five pounds. Both of these assessments contrast with Dr. Mace's opinion that Givens could lift up to thirty pounds. This is relevant information that should have been made available to Martin during her evaluation. Because Prudential did not provide Martin with all of the records relevant to Givens' capacity to work, Martin's report was an "incomplete and inaccurate representation" of Givens' ability to work. *Spangler v. Lockheed Martin Energy Sys., Inc.*, 313 F.3d 356, 362 (6th Cir.2002) (finding it "inexplicable" why insurance company sent only one physician's capacities evaluation for review by a vocational consultant)." Id. (1025-26) Thus, the court found the same conduct Defendant herein defines as being a meritless and irrelevant argument "incomplete, inaccurate and arbitrary and capricious." Perhaps the ultimate irony of the *Givens* decision is that it is arguing about the application of restrictions not presented of five and ten pounds, which Defendant herein would have the court believe was indicative of the capacity to perform sedentary work.

*Givens* went on to hold:

Prudential appears to argue that it was not necessary for Martin to review Givens' medical records in order to render a vocational opinion, and additionally, such a review would have been inappropriate as Martin is not a physician. [Doc. # 36, at 19]. However, even if a vocational expert does not need to review an entire medical file in order to render an opinion, here, Martin was not even provided with Dr. Silney's suggested restrictions and limitations. See *Morris v. Am. Elec. Power Long-Term Disability Plan*, 399 Fed. Appx. 978 (6th Cir. 2010) (finding that it was not an abuse of discretion to send a selective file to vocational consultant when consultant was also provided with the "most favorable" report of claimant). Thus, Prudential abused its discretion by sending a "cherry-picked" file to Martin that consisted of only one

4

physician's recommended restrictions. See, e.g., *Spangler*, 313 F.3d 356; *Franklin v. AT & T Corp.*, No. 3:08-CV-1031-M, 2010 WL 669762, at \*6 (N.D.Tex., Feb. 24, 2010) (citing Spangler); *Mikrut v. UNUM Life Ins. Co. of Am.*, No. 3:03cv1714 (SRU), 2006 WL 3791417, at \*8 n.7 (D.Conn., Dec. 21, 2006) (citing Spangler); *Kochenderfer v. Reliance Std. Life Ins. Co.*, No. 06-CV-620 JLS (NLS), 2009 WL 4722831, at \*9, 2009 U.S. Dist. LEXIS 112954, at \*20 (S.D.Cal., Dec. 4, 2009) (citing Spangler); *Garner v. U.S. W. Disability Plan*, No. 05-cv-0016-PSF-BNB, 2006 U.S. Dist. LEXIS 19380, at \*20 (citing Spangler). Id. 1026-27)

There are other cases which stand contrary to Defendant's position. *Mackey v. Liberty Life Assurance Company of Boston*, 168 F. Supp 3d 1162 (2016) found the vocational opinions relied on by Defendant were incomplete and remanded the case.

> "Ms. Mackey's undisputed lack of computer skills appears not to have factored into Liberty Life's calculus at all. It is not one of the "Transferable Skills" identified in Liberty Life's vocational report, nor is it mentioned at all in its July 17, 2014 letter announcing the reasoning behind its decision to terminate Ms. Mackey's benefits. 11 See Doc 12-3, pp. 79-80; Doc. 12-2. Given this omission, the Court finds that Liberty Life "should not have relied exclusively on [the vocational] report to find that [Ms. Mackey] had the capacity to work certain sedentary ... jobs ... prior to considering whether [she] possessed any computer skills ...." Gully v. Aetna Life Ins. Co. 997 F.Supp.2d 955, 962 (W.D.Ark.2014). On remand, Liberty Life must consider Ms. Mackey's lack of computer skills in light of the technological requirements of the identified occupations, whatever those requirements may be." Id. 1173.

> *Gully v. Aetna Life Ins. Co.* 997 F. Supp. 955 (W.D. Ar. 2014)

held an ERISA plan administrator abused its discretion when it relied unquestioningly and exclusively on the report of its vocational expert in denying a participant's claim for long-term disability benefits. The premise of Plaintiff's claim herein is that the Defendant limited its experts to portions of the record to only draw a conclusion leading to the denial of the claim. Giving the experts all of the facts is not akin to allowing experts to parse out what evidence they choose, but rather, is necessary to garner what resulting limitations exist after consideration of the evidence. Defendant sent this case to

5

experts with no possibility of any conclusion being drawn other than denying Plaintiff.

Defendant abused its discretion.

Rick S. Vasquez #41317
1736 E. Sunshine St., Suite 103
Springfield, Missouri 65804
Phone: (417) 889-7735
Fax: (417) 889-7096
**Attorney for Plaintiff**

6